UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MICHAEL RUFFRANO,

          Plaintiff,

                                              **Hon. Hugh B. Scott**

                                              15CV958A

          v.

                                              **Order**

HSBC FINANCE CORPORATION,

          Defendant.

      Before the Court is plaintiff's motion to compel (Docket No. 28). Responses were due September 28, 2016, replies by October 5, 2016, and the motion was deemed submitted (without oral argument) on October 5, 2016 (Docket No. 29). Scheduling Order (Docket No. 26) deadlines were also held in abeyance pending resolution of this motion (Docket No. 29; see Docket No. 36).

                                                BACKGROUND

      This is an action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") (Docket No. 1, Compl. ¶ 1). Plaintiff has a cellular telephone number and from 2012 to December 2015 he received repetitive calls from defendant (id. ¶¶ 10-14). Although plaintiff has an account with defendant, in 2013 he revoked any right defendant had to contact him by that cell phone number (id. ¶¶ 15, 16). Plaintiff alleges that defendant violated the TCPA by making numerous, non-emergency telephone calls to plaintiff's cell phone (id. ¶¶ 13-14, 16-20), allegedly with malice, intentionally, willfully, recklessly, wantonly and in negligent disregard of

plaintiff's rights under the law and with the purpose of harassment (id. ¶ 21). Plaintiff claims losses, seeking statutory ($500 per violation), actual, and treble (statutory damages of $500 trebled) damages, and injunctive relief (id. ¶ 23, Wherefore Cl.). Defendant answered (Docket No. 4), asserting (among other defenses) that plaintiff consented to the calls (id. ¶ 29), ratified defendant's conduct (id. ¶ 30), and failed to state a claim (id. ¶ 25). After referral of this case to the undersigned (Docket No. 6), a Scheduling Order was issued (Docket No. 16) and amended (Docket Nos. 19, 25, 26). The parties then entered into a Stipulation regarding Confidentiality and Protective Order (Docket No. 27).

*Plaintiff's Motion to Compel*

Plaintiff now moves to compel responses to his first set of Interrogatories, and first set of requests for production of documents, claiming that (after extensions of time to respond) defendant's responses "were deficient and no documents were produced" (Docket No. 28, Pl. Motion to Compel ¶ 7). Defendant argued that it would produce only after execution of the Confidentiality and Protective Order (id. ¶ 8, Ex. A) which was duly entered on August 31, 2016 (id. ¶ 9; see Docket No. 27). Under the current Scheduling Order (Docket No. 26), motions to compel discovery were due by September 13, 2016 (id.); but on 5:07 pm that day, defendant served its discovery responses upon plaintiff (Docket No. 28, Pl. Motion to Compel ¶ 10). Plaintiff deemed the September 13 submissions to be "deficient and non-exhaustive" (Docket No. 28, Pl. Motion to Compel ¶ 10). Specifically, plaintiff complains that defendant's last minute production consisted of redacted documents (redactions deemed by plaintiff to be unnecessary with the Confidentiality agreement) (Docket No. 28, Pl. Memo. at 2). Plaintiff then made this motion to compel responses to plaintiff's discovery demands within five days (Docket

No. 28, Pl. Motion to Compel ¶ 11) in order to have sufficient time to have these items produced prior to plaintiff's deposition of defendant, scheduled for September 21, 2016 (Docket No. 28, Pl. Memo. at 4; see also Docket No. 33, Pl. Reply, Ex. B, excerpt from deposition transcript, Sept. 21, 2016). That deposition apparently went forward (see Docket No. 33, Pl. Reply, Ex. B) without objection to the extent of document production (only excerpts from the deposition were produced; if plaintiff sought further production during that deposition this Court is not aware of it).

      Plaintiff sought production of defendant's call logs and account notes and information about defendant's calling system, to confirm that an Automatic Telephone Dialing System (or "ATDS") was being used (Docket No. 28, Pl. Memo. at 2). Defendant denies using an ATDS (id.). Defendant did not produce documents showing that it obtained plaintiff's express prior consent to place calls to his cell phone, offering to produce such documents "within a reasonable time" after entry of the Confidentiality agreement (id.).

      Defendant filed a timely response (Docket Nos. 30 (Memorandum), 31 (attorney's declaration with exhibits) in which it argues, first, that the motion was made without asserting that good faith attempts had been made to resolve the matter short of motion practice (in particular, the redactions made by defendant were not discussed by plaintiff prior to this motion), with plaintiff filing his motion about two and a half hours after defendant's latest response (Docket No. 30, Def. Memo. at 6-7; see Docket No. 31, Def. Atty. Decl. ¶¶ 11-12). These materials were produced prior to plaintiff's threat of moving to compel production (Docket No. 30, Def. Memo. at 7 n.2). Defense counsel conferred with plaintiff's counsel prior to the September 21, 2016, deposition inquiring whether September 15 production of materials would

3

be sufficient time to review prior to that deposition and was told that it would be; this occurred without mention of a motion to compel production (Docket No. 31, Def. Atty. Decl. ¶ 9). Defendant produced additional materials on September 15 and 16, 2016 (Docket No. 31, Def. Atty. Decl. ¶ 13). After filing the motion, defense counsel called wrote and e-mailed plaintiff's counsel to attempt resolution of the dispute (id. ¶ 14, Ex. E).

Defendant claims that it did not initiate calls to plaintiff; rather, calls were made by a third-party, PHH Mortgage Corporation (Docket No. 30, Def. Memo. at 3; Docket No. 31, Def. Atty. Decl. Ex. B, Ans. to Interrog. 4). To facilitate settlement, defendant disclosed the calling system PHH Mortgage used, LiveVox, Inc.'s Human Call Initiator ("HCI"), also stating that other courts have held that the HCI system was not an "ATDS" under the TCPA (Docket No. 31, Def. Atty. Decl. ¶ 7; Docket No. 30, Def. Memo. at 4-5, citing Pozo v. Stellar Recovery Collection Agency, Inc., No. 8:15-cv-929-T-AEP (M.D. Fla. Sept. 2, 2016)). Defendant contends that it went beyond what Rule 34 required for its response since technically it did not conduct the calls, it therefore did not need to identify the calling system it used; to move the case forward, the defendant identified the third party's calling system, information not in its possession, custody or control (Docket No. 30, Def. Memo. at 4-5), cf. Fed. R. Civ. P. 34(a). Defendant concludes that demands for information surrounding defendant's own dialing system (which was not used to contact plaintiff) are irrelevant (Docket No. 30, Def. Memo. at 3).

Defendant argues that document request 5, requesting manuals for defendant's computer, software package, and non-electronic device systems, also were overbroad (id. at 3; Docket No. 31, Def. Atty. Decl. Ex. A). As for the consent-related documents from plaintiff, defendant responds that it is willing to produce such documents, mostly those held by PHH Mortgage;

defendant had produced on September 13, 2016, PHH Mortgage account notes and audio recordings (Docket No. 30, Def. Memo. at 6; Docket No. 31, Def. Atty. Dec. ¶¶ 11-12); these documents, however, were not produced to this Court as part of defendant's response or plaintiff's reply.

Redactions made by defendant it its September 13 production were to omit references to Social Security and account numbers as well as attorney-client communications and attorney work product given foreclosure proceedings pending against plaintiff on the underlying mortgage (Docket No. 30, Def. Memo. at 8 & nn.3, 4). Defendant states its willingness to serve a privilege log (id. at 8; see Docket No. 31, Ex. E).

Plaintiff replies that defendant still should be compelled to produce information about its dialing system (Docket No. 33, Pl. Reply Memo. at first to third unnumbered pages), asserting that PHH Mortgage handles servicing of mortgages for defendant and thus its documents are within the possession, custody and control (Fed. R. Civ. P. 34(a)) of defendant (id. at second unnumbered page, Ex B, Tr. at 20). Plaintiff insists upon production of documents showing his express prior consent to having telephone contact by cellular telephone as well as a privilege log from defendant (Docket No. 33, Pl. Reply Memo. at third to fourth unnumbered pages).

Plaintiff notes at the outset that he did not include his requests or defendant's responses (Docket No. 28, Pl. Memo. at 1 n.1), not even including excerpts in his initial moving papers of the requests in dispute. Defendant, however, filled the gap by providing what it deemed were the requests in dispute and plaintiff, in reply, acknowledged the disputed requests were the ones which answered the three queries now posed in this motion: identification of defendant's calling

system; documentation of plaintiff's express consent to receive calls; and production of unredacted, responsive documents (or a privilege log surrounding such documents).

## DISCUSSION

I.   Applicable Standard

Discovery under the Federal Rules is intended to reveal relevant documents and testimony, but this process is supposed to occur with a minimum of judicial intervention.  See 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2288, at 655-65 (Civil 2d ed. 1994).  "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense–including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons having knowledge of any discoverable matter." Fed. R. Civ. P. 26(b)(1) (effective Dec. 1, 2007).

Federal Rule 26(b)(2)(i) allows this Court to limit the scope and means for discovery if "the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive."  Under Rule 26(c), this Court may issue a protective order to protect a party "from annoyance, embarrassment, oppression, or undue burden or expense" by not having a proposed disclosure or discovery device, or conditioning the time and manner of that discovery.  Fed. R. Civ. P. 26(c)(1), (1)(B)-(C); see id. R. 26(c)(1)(D) (limit the scope or the matters inquired into).

Federal Rule of Civil Procedure 37(a) allows a party to apply to the Court for an Order compelling discovery, with that motion including a certification that the movant in good faith conferred or attempted to confer with the party not making the disclosure to secure that

6

disclosure without court intervention. Fed. R. Civ. P. 37(a)(2)(A). Similarly, under Rule 26(c), prior to obtaining a protective order the movants must certify that they have in good faith conferred or attempted to confer with the other affected parties in an effort to resolve the dispute without court intervention, Fed. R. Civ. P. 26(c). Under Rule 26(c), the Court has power to protect against abuses in discovery. Seattle Times Co. v. Rhinehart, 467 U.S. 20, 34 (1984). The appropriateness of a protective Order is a balance of the litigation needs of the requesting party and the protectable interests of the party from whom discovery is sought. Mitchell v. Fishbein, 227 F.R.D. 239, 245 (S.D.N.Y. 2005). This Court has broad discretion in issuing such a protective order. Seattle Times, supra, 467 U.S. at 36.

II.     Plaintiff's Motion to Compel

    A.     Duty to Confer Prior to Moving to Compel

While plaintiff and defendant have conferred for weeks prior to filing this motion, there was no conversation after defendant's eleventh hour production on September 13, 2016. Instead, plaintiff responded to the allegedly deficient production by filing the present motion. While the motion to compel deadline was that date, either side could have moved for extension of that deadline to allow time for the parties to work out this dispute prior to motion practice or the parties could have stipulated to such an extension.

Given the incomplete briefing of this motion (plaintiff, for example, not including either the sought discovery requests or the deficient responses in his initial moving papers) and this "beat the clock" practice, the motion ought to be denied, but there is enough plead with the motion and response for this Court to reach the merits.

Further disturbing is defendant's reference to settlement materials to support its discovery obligation (see Docket No. 31, Def. Atty. Decl. ¶ 7). This Court should not be made party to such settlement discussions and better practice is for the defendant to produce separately as part of discovery the materials now cited as coming from settlement communication.

B.   Document Production

As stated above, plaintiff seeks production in three broad categories: identification of defendant's calling system; documentation of plaintiff's express consent to receive cellphone calls; and production of responsive, unredacted documents (or production of a privilege log). This is despite plaintiff's actual requests which may have broadly requested production in these areas (such as seeking the manuals of defendant's computer systems or calls defendant made from 2012-15 (see Docket No. 30, Def. Memo. at 2)).

As for defendant's calling system, plaintiff's specific document demand seeks manuals for defendant's computer systems. Defendant claims that it did not make all the calls at issue (Docket No. 31, Def. Atty. Decl. Ex. B; Docket No. 30, Def. Memo. at 3), providing information about the calling entity, PHH Mortgage. Therefore, defendant has no obligation to produce material regarding its calling system where that system was not used to call plaintiff. Plaintiff's motion to compel this (and related) information is **denied**.

As for documenting plaintiff's express consent to receive cellular calls, since defendant did not make those calls, the request from defendant should be denied as well. Defendant has gone further and identified PHH Mortgage as the source of the calls and produced its call records and audio recordings; a copy of those records were not included with defendant's response (or plaintiff's reply) so this Court cannot evaluate the sufficiency of those records in addressing

plaintiff's demands. Given the short time between that disclosure and plaintiff's motion, there is no statement how that late disclosure is insufficient; furthermore, it is from a third-party, PHH Mortgage. Plaintiff has not complained about whatever consent documents or materials were provided in the PHH Mortgage materials. Plaintiff produced testimony from a Denise Dickman that PHH Mortgage "subserv[es] mortgages" for defendant (Docket No. 33, Pl. Reply, Ex. B, Tr. at 20) and that she verified production on behalf of defendant and from a review of papers of HSBC Mortgage Corporation (USA), "its affiliates and third parties" (id. at third unnumbered page, Ex. D), in answers to plaintiff's Interrogatories (in particular Interrogatory No. 15) about calls that occurred after plaintiff revoked consent. What has yet to be produced in this record, however, is the relationship between defendant and PHH Mortgage that would (for discovery purposes) make defendant liable for producing information about PHH Mortgage's systems. Defendant has taken the affirmative steps of producing or obtaining materials responsive to plaintiff's demands from an otherwise third party. This Court does not know enough to determine whether defendant has possession, custody or control of PHH Mortgage's records to compel their production or to have defendant bound by PHH Mortgage's calling system to press further inquiry about it. Absent further information about the defendant-PHH Mortgage relationship, defendant's motion to compel production of his express consent is **denied**.

As for the redactions from confidential documents covered by the Protective Order (Docket No. 27) and the absence of a privilege log, defendant states its willingness to serve a privilege log if necessary "by the end of next week," from September 28, 2016 (Docket No. 30, Def. Memo. at 8; see Docket No. 31, Def. Atty. Decl., Ex. E, email, Arjun Rao, Esq., to Joseph

"Jake" Hoeffel, Esq., Sept. 28, 2016, 7:45 am; see also id., email Rao to Hoeffel, Sept. 27, 2016, 6:37 pm). Production of such a privilege log **would be sufficient**. Defendant is to produce the log **within 30 days of entry of this Order**. Plaintiff had sought production within five days of entry of a favorable Order (Docket No. 28) but the only urgent need for this discovery was preparation for deposing defendant, but that deposition has already occurred without apparent need for prompt production of these items (especially a privilege log). Production within thirty days of entry of this Order should afford defendant sufficient time to complete a comprehensive log and enough time for plaintiff to review it. As stated below, the overall schedule in this action will be adjusted to allow the parties to complete discovery.

III. Amended Schedule

The discovery deadlines were held in abeyance pending resolution of this motion (Docket Nos. 29, 36). Plaintiff moved (with consent of defendant) to extend the discovery deadline during this pendency (Docket No. 35) but that motion was deemed moot (Docket No. 36).

To allow parties to complete discovery (including discovery discussed in this Order), the current Scheduling Order (Docket No. 26) is amended as follows:

SECOND AMENDED SCHEDULING ORDER

Plaintiff's expert disclosure is due **December 2, 2016**;

Defendant's expert disclosure is due **January 3, 2017**;

Discovery deadline is **January 17, 2017**, with further motions to compel due thirty days before this deadline (or by **December 16, 2016**);

Dispositive motions are now due by **April 17, 2017**. If no such motions are filed, parties have until **May 1, 2017**, to contact the Chambers of Judge Richard Arcara to schedule a pretrial conference to set a trial date;

Referral to mediation ends by **May 1, 2017**.

IV.     Discovery Sanctions

Since both parties prevailed, Rule 37(a)(5)(c) authorizes this Court to "issue any protective order authorized under Rule 26(c) and may, after given an opportunity to be heard, apportion reasonable expenses for the motion." Plaintiff filed simple moving papers and obtained production of a privilege log that defendant was willing to serve. Recovery of either party's expenses in making and defending this motion **is not warranted**.

## CONCLUSION

For the reasons stated above, plaintiff's motion (Docket No. 28) to compel discovery is **denied in part, granted in part**; in particular, plaintiff's demand for a privilege log is **granted** but the other relief sought is **denied**. The First Amended Scheduling Order (Docket No. 26) is amended as discussed above. Given that this motion to compel is both granted and denied, discovery sanctions of recovery of moving party's or opponent's expenses is deemed **not warranted and is denied**.

So Ordered.

  /s/ Hugh B. Scott
  Hon. Hugh B. Scott
  United States Magistrate Judge

Dated: Buffalo, New York
       October 20, 2016